```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>[4] JUAN CASTILLO-TORRES,<br><br>**Defendant.** | CRIM. NO. 4-414-4 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Juan Castillo-Torres' ("Castillo") *pro se Request to Modify*, which the Court construes as a sentence reduction motion pursuant to the First Step Act of 2018 ("*Motion*"). (Docket No. 1130). For the following reasons, Defendant's motion is **DENIED**.

### I.   BACKGROUND

On September 29, 2005, a Grand Jury in this district returned a Second Superseding Indictment against Mr. Castillo and his co-defendants. (Docket No. 48). On February 16, 2007, Defendant pled guilty to Count Five of that indictment, which charged him with conspiracy to possess with intent to distribute five kilograms or more of cocaine, fifty grams or more of cocaine base, and one hundred kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Docket Nos. 522 and 525). The offense carried a mandatory minimum sentence of ten years' imprisonment.

Criminal No. 04-414-4 (RAM)                                                                 2

*See* (Docket No. 525 ¶ 2). As part of Defendant's plea agreement, he also acknowledged that the United States would have presented evidence at trial that he and his co-defendants shot and killed co-conspirator Johan Mañon Felix on March 10, 2004, in furtherance of the drug trafficking conspiracy. Id. ¶ 7(a) and at 11. Accordingly, Mr. Castillo's base offense level was set at 43 due to the application of a cross-reference to U.S.S.G. § 2A1.1, the applicable guideline for First Degree Murder. Id. ¶ 7(a). Neither the plea agreement nor its accompanying stipulation of facts lays out the precise amount of each drug that Defendant possessed with intent to distribute.

On May 4, 2007, Defendant was sentenced by the Honorable Juan M. Pérez-Giménez[1] to 360 months' imprisonment, as jointly recommended by the parties and laid out in the plea agreement. (Docket Nos. 637 and 525 at 5).

On May 6, 2022, Defendant filed the instant *Motion*. In the motion, he notes that the "First Step Act of 201[8]" (the "First Step Act") changed the guidelines calculation for cocaine. (Docket No. 1130). The Court subsequently appointed the Federal Public Defender to represent Mr. Castillo. (Docket No. 1133). Defendant filed a supplemental motion articulating why he is eligible for a

---

[1] The case was transferred to the undersigned on May 9, 2022. (Docket No. 1131).

reduced sentence under section 404 of the First Step Act. (Docket No. 1144 at 3). Additionally, he submitted briefing regarding rehabilitative steps he has taken while imprisoned. (Docket No. 1150).

The United States of America (the "Government") responded on September 11, 2023, assuming that Defendant was eligible for a sentence reduction but nonetheless asserting that the Court should exercise its discretion to keep his sentence as-is, given the nature of his criminal conduct. (Docket No. 1159).

## II.  APPLICABLE LAW

The Fair Sentencing Act of 2010 ("Fair Sentencing Act") "raised the crack-cocaine threshold quantities for triggering mandatory-minimum sentences." United States v. Smith, 954 F.3d 446, 447 (1st Cir. 2010) (citing Pub L. No. 111-220, § 2, 124 Stat. 2372, 2372). Section 2 of the Fair Sentencing Act changed the amount of crack cocaine required to trigger a five-year mandatory minimum from 5 grams to 28 grams and the amount required to trigger a ten-year mandatory minimum from 50 grams to 280 grams. United States v. Rodríguez-Rodríguez, 2023 WL 5199392, at *2 (D.P.R. 2023) (citing 124 Stat. at 2372). However, the Fair Sentencing Act did not have retroactive effect. See Dorsey v. United States, 567 U.S. 260, 264 (2012).

The First Step Act was enacted in December 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Section 404 of the First Step Act permits a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act of 2018 § 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B) ("[T]he court may modify an imposed term of imprisonment to the extent expressly permitted by statute."). Although the First Step Act mandates that a district court consider intervening changes of law raised by the parties when adjudicating a motion under the act, it "does not compel courts to exercise their discretion to reduce any sentence based on those arguments." Concepcion v. United States, 597 U.S. 481, 487 (2022); *see also* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

In cases involving a sentencing range that has subsequently been lowered, a court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c); *see also* Concepcion, 597 U.S. at 495 (noting that the First Step Act did not contravene the "well-established sentencing practice" of considering the section 3553(a) factors).

### III. DISCUSSION

**A. Eligibility**

A defendant is eligible for a sentence reduction pursuant to section 404 of the First Step Act if his offense of conviction was modified by section 2 or 3 of the Fair Sentencing Act and if his offense of conviction was committed before August 3, 2010. First Step Act § 404(a). However, a defendant is made ineligible if he has already been sentenced in accordance with section 2 or 3 of the Fair Sentencing Act, or if a previous motion pursuant to the First Step Act has been denied after a complete review on the merits. Id. § 404(c).

A crack cocaine offense that triggers a mandatory minimum penalty is a "covered offense" eligible for a sentence reduction under the First Step Act. Terry v. United States, 593 U.S. 486, 495 (2021). Accordingly, Mr. Castillo's offense of conviction, which carries a mandatory minimum of ten years' imprisonment, is a covered offense. *See also* Rodríguez-Rodríguez, 2023 WL 5199392, at *4 (premising eligibility for First Step Act resentencing on the quantity of drugs described in the indictment, guilty plea, or conviction). Furthermore, Defendant avers and the Government does not dispute that the instant *Motion* is his first application under

the First Step Act, and he has never been re-sentenced under the Fair Sentencing Act.[2] (Docket No. 1144 at 4).

### B. Section 3553(a) Factors

Section 3553(a) lays out the factors a court must consider when imposing sentence. These factors include but are not limited to: the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to, among other things, "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1)-(2). Having considered these factors, the Court finds that a sentence reduction is not warranted in this case.

<u>First</u>, the nature and the circumstances of the offense are serious and weigh against early release. In addition to pleading guilty to possession with intent to distribute more than fifty grams of cocaine base (or crack cocaine), Mr. Castillo also pled guilty to possessing with intent to distribute more than five kilograms of cocaine. Trafficking five kilograms of cocaine independently carries a mandatory minimum of ten years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(ii). In other words,

---

[2] On October 20, 2008, Defendant filed a *pro se* motion pursuant to 18 U.S.C. § 3582(c)(2) for a sentence reduction. (Docket No. 792). The sentencing judge denied the motion, noting that the case was "[n]ot considered a crack cocaine case." (Docket No. 802 at 1).

Criminal No. 04-414-4 (RAM)                                                      7

even if he were sentenced today under the current version of the statute, Defendant would still be subject to the same mandatory minimum that he was in 2007 by dint of his trafficking in cocaine. *See* United States v. Gonzalez-Vasquez, 2022 WL 7247586, at *2 (D.P.R. 2022) (noting that the defendant would likely have received the same sentence given that his drug activity was not limited to crack cocaine).

More significantly, as part of his offense, Defendant admitted that he and some of his co-defendants shot and killed a co-conspirator. The Presentence Investigation Report ("PSR")[3] reflects that the murder occurred because Defendant and his associates believed the victim had been assisting law enforcement officers. (Docket No. 627 ¶ 16). The violent nature of Defendant's related conduct, especially when it was intended to avoid criminal liability, counsels against a sentence reduction. *See* United States v. Santiago-Lugo, 2022 WL 5246983, at *2 (D.P.R. 2022) (denying sentence reduction to leader of drug conspiracy that engaged in violence and plotted to murder law enforcement to improve odds at trial).

Second, the Court notes and commends the steps that Defendant has taken in furtherance of his rehabilitation while incarcerated.

---

[3] It appears that there were no objections to the PSR. (Docket No. 796 at 2).

Mr. Castillo has completed over 1,600 hours of classes and has become proficient in English. (Docket No. 1150 at 2). It also appears that he has comported himself well while in custody, having no apparent disciplinary reports. (Docket No. 1150-2). These efforts are laudable and favor a reduction. *See* Concepcion, 597 U.S. at 498-400 (approving consideration of post-sentencing rehabilitation in deciding First Step Act motions).

However, Defendant's pre-incarceration history cuts in the other direction. He participated in a drug trafficking organization that operated a known drug point at a public housing project. (Docket No. 627 ¶ 6). Specifically, he worked as an enforcer that used firearms and possessed high-capacity rifles. Id. ¶¶ 9, 13 and 19. Additionally, he is implicated in one other murder and an assault that involved golf clubs and firearms. Id. ¶¶ 14 and 17. Mr. Castillo's position as a high-ranking member of a violent drug trafficking organization and the violence that he personally engaged in counsel against a sentence reduction.

Third, Defendant was sentenced not under the guideline for possession with intent to distribute, § 2D1.1, but instead the guideline for first degree murder, § 2A1.1. Based on his total offense level of 42 and criminal history category of I, Mr. Castillo's guidelines sentencing range was therefore 360 months to life. Id. ¶ 37. He received a sentence of 360 months' imprisonment,

the low end of his guidelines range. Accordingly, his thirty-year sentence is motivated not by his drug trafficking of crack cocaine, but by the homicide he aided and abetted. As the original sentencing judge noted in denying Mr. Castillo's previous motion for a sentence reduction, this case is simply "[n]ot considered a crack cocaine case." (Docket No. 802 at 1).

A reduced sentence in this case, which involves both (1) the trafficking of large quantities of a variety of controlled substances other than crack cocaine and (2) the murder of a co-conspirator, would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment. Accordingly, the Court will not exercise its discretion to reduce Mr. Castillo's sentence.

## IV. CONCLUSION

For the foregoing reasons, Defendant's *Request to Modify* at Docket No. 1130 is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of April 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE